# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20575-CR-SCOLA/TORRES

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JULIO ARMANDO BELALCAZAR
ESTACIO,

      Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION FOR A BILL OF PARTICULARS

This matter is before the Court on Julio Armando Belalcazar Estacio's ("Defendant") motion for a bill of particulars against the United States of America (the "Government"). [D.E. 258]. The Government responded to Defendant's motion on January 7, 2019 [D.E. 265] to which Defendant did not reply. Therefore, Defendant's motion is ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Defendant's motion is **DENIED**.[1]

---

[1] On January 3, 2019, the Honorable Robert N. Scola referred Defendant's motion to the undersigned Magistrate Judge for disposition. [D.E. 262].

# I.    APPLICABLE PRINCIPLES AND LAW

Under Federal Rule of Criminal Procedure 7(f), the Court, in its discretion, may direct the Government to file a bill of particulars.    A bill of particulars "inform[s] the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) (citations omitted).    It may not, however, be used to seek generalized discovery.    *See United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985) (citation omitted).    Instead, the purpose of a bill of particulars is to "supplement[ ] an indictment by providing the defendant with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (emphasis in original).

If a bill of particulars was used to serve as a wholesale discovery device, it would frustrate the federal discovery rule.    Rule 16(b)(2) of the Federal Rules of Criminal Procedure states that the rule "does not authorize the discovery or inspection of . . . statements made . . . by government . . . witnesses, or by prospective government . . . witnesses." Fed. R. Crim. P. 16(b)(2).    A defendant who desires a list of government witnesses-or unindicted co-conspirators could thus bypass the Rule 16(b) restriction on discovery by asking for and receiving a bill of particulars pursuant to Fed. R. Crim. P. 7(f), which simply provides that the court may direct the filing of a bill of particulars.    Because a criminal defendant has no right to obtain a

list of witnesses by simply calling his request a "bill of particulars," *United States v. Pena,* 542 F.2d 292, 294 (5th Cir.1976), a bill of particulars is not automatically accorded the status of a supplement to an indictment.

## II.   ANALYSIS

On July 29, 2016, the Government filed an indictment charging Defendant, along with many other individuals, with a conspiracy to distribute a controlled substance of cocaine in April 2015 through the date of the indictment in violation of 21 U.S.C. § 959(a)(2).   The Government informed defense counsel that there were various importations of controlled substances on September 9, 2015, September 19, 2015, September 20, 2015, September 26, 2015[2], October 6, 2015, October 23, 2015, March 17, 2016, and March 19, 2016.   However, Defendant claims that a bill of particulars is needed to determine if there are any additional dates of importations and to identify the specific defendants involved, including any individuals that may have not been indicted.   While the Government supplied recordings of numerous telephone intercepts, Defendant insists that they do not reveal everyone involved in each of the importations and that more specific information is needed to apprise Defendant of the nature, cause, and basis of the accusations against him as required under the Sixth Amendment.   Finally, Defendant contends that his requests are necessary (1) to provide an opportunity to prepare his defenses, (2) to avoid any

---

[2]   Defendant asserts that he needs the names of three Costa Ricans and one Nicaraguan who were aboard a vessel on September 26, 2016 and who attempted to import 629 kilos of cocaine before Costa Rican authorities arrested them.

prejudicial surprises at trial, and (3) to protect against a later prosecution for the same offenses as guaranteed under the Fifth Amendment.

Defendant's motion is unpersuasive for at least two important reasons. First, Defendant's motion is untimely. Defendant was arraigned on November 15, 2018 [D.E. 227], and his motion for a bill of particulars was filed 37 days later on December 22, 2018. [D.E. 258]. Defendant violated Federal Rule of Criminal Procedure 7(f) because a "defendant may move for a bill of particular before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). And Defendant failed to file a reply or present any argument to explain his reasons for the untimeliness. Because Defendant's motion is untimely and violates Rule 7(f), Defendant's motion for a bill of particulars is **DENIED**.

Second, even if Defendant's motion was timely filed, he is not entitled to a bill of particulars. "The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citations omitted). "Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill." *Id.* (citation omitted).

Here, the Government has complied with the Standing Discovery Order in this case [D.E. 254] and has provided Defendant with ample discovery to alleviate any

need for a bill of particular. First, the Government filed a preliminary witness list naming cooperating defendants expected to testify at trial[3] and provided the Mutual Legal Assistance Treaty ("MLAT") materials in discovery. [D.E. 264]. The MLAT materials are searchable and – although defense counsel is a solo practitioner – the Government informed defense counsel on how to search the files to locate relevant evidence. Second, the Government informed defense counsel on December 7, 2018 with more details of Defendant's alleged participation in cocaine ventures.[4] Third, the Government gave defense counsel specific dates that law enforcement seized multi-hundred-kilogram loads of cocaine that Defendant allegedly conspired to transport. And the Government went one step further when it advised defense counsel of the exact file numbers for the incriminating phone calls so that defense counsel would be able to easily locate them in the searchable discovery materials.

When defense counsel informed the Government on December 11, 2018 that he was unable to locate the calls related to one of the seizures, the Government quickly responded and offered to tell defense counsel on how to find the information needed. The Government also consulted with defense counsel with another email

---

[3]    Defendant seeks the names of the four crewmembers that Costa Rican authorities detained in connection with the September 26, 2015 arrest, but Defendant's request is immaterial because the Government does not intend to call any of those crewmembers as witnesses at trial.

[4]    The Government advised defense counsel that Defendant was a principal transporter of large quantities of cocaine from the Tumaco area to the United States via Central America.

listing the specific file numbers for the calls relevant to the seizures in question. Based on the discovery provided and the clarity of the indictment in this case, we find that Defendant has been informed of the charges against him with sufficient precision to prepare his defense, to minimize surprise at trial, and to plead double jeopardy in the event of a later prosecution for the same offense. *See Cole*, 755 F.2d at 760-61 (holding that the district court did not abuse its discretion in refusing to grant a bill of particulars when (1) the indictment adequately informed the defendants of the charges pending against them by tracking the language of the statutes, and (2) the evidence presented consisted of testimony of conversations and activities in which the defendants themselves participated). Therefore, Defendant's motion for a bill of particulars is **DENIED**.

### III.    *CONCLUSION*

Based upon a thorough review of Defendant's motion for a bill of particulars [D.E. 258], Defendant's motion, including his request for a hearing, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 7th day of February, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge